UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VANESSA SWEITZER,

Plaintiff,

v.

JRK RESIDENTIAL GROUP, INC., doing business as JRK Property Holdings, doing business as The Boulders at Puget Sound,

Defendant.

CASE NO. 20-5849 RJB

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING CASE

This matter comes before the Court on Defendant JRK Residential Group, Inc.'s ("JRK") Motion to Compel Arbitration and to Dismiss. Dkt. 9. The Court has reviewed the pleadings filed regarding the motion and the remaining record.

In this case, JRK moves for an order compelling its former employee, Plaintiff Vanessa Sweitzer, to arbitrate their dispute. Dkt. 9. For the reasons provided below, the motion to compel arbitration (Dkt. 9) should be granted and the case dismissed.

## I. **FACTS**

On March 1, 2020, the Plaintiff received an offer of employment from JRK to be a leasing agent for one of JRK's properties. Dkt. 1-2. On March 13, 2020, the Plaintiff signed an "Acknowledgment" of employment offer. *Id*. She resigned her former position, signed a new lease, and moved on to the JRK property. Dkt. 13, at 2. The Plaintiff began work on March 24, 2020. *Id.* On March 25, 2020, she was presented with a "Mediation and Arbitration Agreement" ("Agreement"), which she signed. Dkt. 11-1. In her Complaint, the Plaintiff alleges that JRK terminated her employment in retaliation for raising public health related issues. Dkt. 1-2.

In response to JRK's motion to compel arbitration (Dkt. 9), the Plaintiff argues that the Agreement is invalid because it lacks consideration and because it is unconscionable (Dkt. 12). JRK replied (Dkt. 15), and the motion is ripe for consideration.

## II. **DISCUSSION**

### A. FEDERAL ARBITRATION ACT

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, established a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). The FAA applies to any "written provision in . . . a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (*emphasis in the original*) (*quoting Chiron*

*Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp.*, 207 F.3d at 1130.

"Courts must indulge every presumption in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 301 (2004) (*internal quotation marks and citation omitted*). "The party opposing arbitration bears the burden of showing that the agreement is not enforceable." *Id.* at 302.

1. Existence of a Valid Agreement to Arbitrate

Although the FAA promotes a clear policy favoring agreements to arbitrate disputes, the court must make a threshold determination as to whether an agreement exists. *See, e.g.*, *Simula*, 175 F.3d at 719–20; *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008). "[I]n assessing whether an arbitration agreement or clause is enforceable, the Court should apply ordinary state-law principles that govern the formation of contracts." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007)(*internal citations omitted*); *Lowden*, at 1213.

The Plaintiff argues that the Agreement is not valid for lack of consideration and because it is unconscionable. Both will be considered.

*a. Consideration*

The Plaintiff argues that the Agreement fails because she maintains that she was already an employee when she signed the Agreement and so received no consideration in the bargain.

In Washington, a valid contract requires consideration. *Labriola v. Pollard Grp.*, Inc., 152 Wn.2d 828, 833 (2004). "Consideration is any act, forbearance, creation, modification or

destruction of a legal relationship, or return promise given in exchange." *Id.* (*internal quotation marks and citations omitted*). It is a "bargained for exchange of promises." *Id.,* at 836.

The Agreement states that:

> In agreeing to submit certain employment disputes or claims to resolution by private mediation and (if necessary) binding arbitration, you are doing so in exchange for rights to which you are not otherwise entitled--namely, your employment as a JRK employee and the more expeditious resolution of employment disputes. In exchange for your agreement to submit these disputes or claims to mediation and (if necessary) binding arbitration, JRK has agreed to use mediation and binding arbitration as the exclusive forums for resolving the disputes and claims covered by this Agreement.

While the Plaintiff's continued employment was not additional consideration because the Plaintiff was already employed, in entering the Agreement, both the Plaintiff and JRK agreed to give up the right to resolve their disputes with one another in court. This forbearance is independent consideration by JRK. The Agreement does not fail for lack of consideration.

*b. Unconscionability*

Under Washington law, a contract, or a provision thereof, is not valid if it is either procedurally or substantively unconscionable. *Mattingly v. Palmer Ridge Homes LLC*, 157 Wn.App. 376, 392 (2010); *Scott v. Cingular Wireless,* 160 Wash.2d 843 (2007); *See Nelson v.McGoldrick*, 127 Wash.2d 124, 131 (1995).

Procedural unconscionability relates "to impropriety during the process of forming a contract." *Nelson*, at 131. It involves "blatant unfairness in the bargaining process and a lack of meaningful choice." *Torgerson v. One Lincoln Tower, LLC*, 166 Wash.2d 510, 518 (2009). "Procedural unconscionability is determined in light of the totality of the circumstances, including (1) the manner in which the parties entered into the contract, (2) whether the parties had a reasonable opportunity to understand the terms, and (3) whether the terms were hidden in a maze of fine print." *Id.,* at 518-519 (*internal quotations and citations omitted*). These factors

should "not be applied mechanically without regard to whether in truth a meaningful choice existed." *Id.*, at 519.

Consideration of the three factors leads to the conclusion that the Agreement was not procedurally unconscionable. The Plaintiff failed to show that there were issues with the "manner in which the parties entered into the contract." *Torerson*, at 518. While the Plaintiff states that she felt she did not have a "meaningful choice" in signing the Agreement (Dkt. 13), she fails to offer any evidence that she expressed any outward concerns about signing it. There is nothing in the record to conclude that JRK put any pressure on her. The Plaintiff failed to point to evidence that she did not have a reasonable opportunity to understand the Agreement's terms. While she signed it the day she received it, there is no evidence that a request for more time to consider it was denied. The Agreement's terms are plain and understandable. The Agreement's terms are not "hidden in a maze of fine print." *Torerson*, at 518. The Plaintiff has failed to carry her burden to show that the Agreement here was procedurally unconscionable.

"Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Luna v. Household Fin. Corp. III*, 236 F. Supp. 2d 1166, 1177 (W.D. Wash. 2002) (citing *McGoldrick*, 127 Wn.2d at 131). "'Shocking to the conscience,' 'monstrously harsh' and 'exceedingly calloused' are terms sometimes used to define substantive unconscionability." *Id.* (*quoting Montgomery Ward & Co. v. Annuity Bd. of S. Baptist Convention*, 16 Wn. App. 439, 444 (1976)).

The Plaintiff has failed to point to any evidence that the Agreement is substantively unconscionable. Both sides agreed to give up the right to pursue disputes in court. The Plaintiff does not demonstrate that any of the clauses or terms in the Agreement are one-sided or overly harsh. The Agreement is not substantively unconscionable.

2. Agreement Encompasses the Dispute

The agreement to arbitrate in this case covers a broad scope of claims, including those

> Any claim that could be asserted in court or before an administrative agency for which the employee has an alleged cause of action, including without limitation the following claims: (a) breach of any contract . . . (b) tort, (c) discrimination including, but not limited to, discrimination based on sex, . . . or other characteristics protected by statute, (d) wrongful discharge, . . . (g) violation of any federal, state or other governmental law, statute, regulation or ordinance, and whether based on statute or common law.

Dkt. 11-1. The agreement covers the dispute at issue here.

**F. DISMISSAL IS APPROPRIATE**

If the court determines the matter is subject to arbitration, it may either stay the matter pending arbitration or dismiss the matter. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

The motion to compel arbitration (Dkt. 9) should be granted and the case closed. There is a valid agreement to arbitrate and the agreement covers the dispute at issue. Parties should proceed to arbitration in accord with the applicable law.

**III. ORDER**

It is **ORDERED** that:

- Defendant JRK Residential Group, Inc.'s Motion to Compel Arbitration and to Dismiss (Dkt. 9) **IS GRANTED;** and this case **IS CLOSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of October, 2020.

ROBERT J. BRYAN
United States District Judge